PER CURIAM.
Jake Lee appeals a decision of the Central District of California denying Lee’s request for attorney’s fees pursuant to 85 U.S.C. § 285. In a previous appeal in this case, we reviewed a determination by the district court that the case was exceptional and that attorney’s fees should be awarded. We held that as a matter of law the infringement had not been willful. Lee v. Mike’s Novelties, Inc., 543 Fed.Appx. 1010, 1017 (Fed.Cir.2013). On remand, the district court was “to determine whether [defendants’] litigation misconduct is independently sufficient to make this an exceptional case such that attorney’s fees are warranted.” Id. at 1018
On remand, the district court initially held that “[t]he three forms of litigation misconduct [at issue] are insufficient to find that the case is exceptional, and that attorney’s fees should be awarded.” S.A. 4. Lee appealed to our court. Thereafter, the Supreme Court decided Octane Fitness, LLC v. Icon Health and Fitness, Inc., — U.S. -, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014), and Highmark Inc. v. Allcare Health Management Systems Inc., — U.S. -, 134 S.Ct. 1744, 188 L.Ed.2d 829 (2014). Upon a motion by the plaintiff, the district court subsequently issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 reaffirming its decision not to award fees under the new standard of Octane and Highmark. The district court held that, under Octane, “[considering the totality of the circumstances, given that the ‘evidence was close’ and the litigation misconduct was ‘modest,’ there is not sufficient basis to conclude that Defendants maintained an exceptionally weak litigating position or advanced exceptionally meritless claims.” S.A. 11. Therefore, the district court ruled that it would not award fees under the new standard.
On appeal, Lee argues that the original attorney’s fee award (which was the subject of the first appeal) should be reinstated in light of Octane and Highmark. We see no basis for reinstating the original district court decision, particularly given the district court’s determination not to award fees under the new Octane standard and the standard of deferential review under Highmark.
AFFIRMED
Costs
Costs to appellees.
Concurring opinion filed by Circuit Judge WALLACH.